UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

CARLOS VILLAN, and other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
TURNBERRY HOTEL GROUP OF MIAMI, )
INC. d/b/a TURNBERRY ASSOCIATES )
d/b/a TURNBERRY ISLE MIAMI, )
 )
        Defendant. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

      The Plaintiff, CARLOS VILLAN, and other similarly situated individuals, sue the Defendant, TURNBERRY HOTEL GROUP OF MIAMI d/b/a TURNBERRY ASSOCIATES d/b/a TURNBERRY ISLE MIAMI, and allege:

      1.    This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

      2.    Plaintiff, CARLOS VILLAN ("VILLAN" or "Plaintiff"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. VILLAN is a covered employee for purposes of the Act. VILLAN, at all times relevant, was a "tipped" employee.

      3.    Defendant, TURNBERRY HOTEL GROUP OF MIAMI ("Turnberry" or the "Defendant"), is a Florida profit corporation having its main place of business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

**COUNT I: WAGE AND HOUR FEDERAL (FLSA)**
**STATUTORY VIOLATION BY *VILLAN* AGAINST TURNBERRY**

4. VILLAN re-adopts each and every factual allegation as stated in paragraphs 1 through 3 above as if set out in full herein.

5. This action is brought by VILLAN, and those similarly situated, to recover from Turnberry unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage from January 1, 2012, through December 31, 2012, was $7.67 per hour; from January 1, 2013, through December 31, 2013, was $7.79 per hour; from January 1, 2014, through December 31, 2014, was $7.93 per hour; and from January 1, 2015, to present, $8.05 per hour.

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Turnberry is and, at all times pertinent to this complaint, was engaged in

interstate commerce. At all times pertinent to this complaint, Turnberry operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Turnberry obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Turnberry was at all times material hereto in excess of $500,000.00 per annum, and/or VILLAN, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, Turnberry is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or VILLAN, and those similarly situated, was engaged in interstate commerce for Turnberry. Turnberry's business activities involve those to which the Act applies. Turnberry is a Hotel & Resort and, through its business activity, affects interstate commerce. VILLAN's work for Turnberry likewise affects interstate commerce. VILLAN was employed by Turnberry as a Room Service Attendant for Turnberry's business. As a Room Service Attendant, VILLAN was a "tipped" employee.

11. While employed by Turnberry, VILLAN routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. VILLAN was employed as a Room Service Attendant, performing the same or similar duties as that of those other similarly situated Room Service

Attendants who VILLAN observed worked in excess of 40 hours per week without overtime compensation.

12. VILLAN was paid approximately the following amounts:

   a. $4.77 per hour from January 17, 2013, through December of 2013;

   b. $4.91 per hour from January 1, 2014, through December of 2014; and

   c. $5.03 per hour from January 1, 2015, through August 20, 2015.

13. Turnberry never properly paid VILLAN all of his minimum wages. Specifically, Turnberry applied a "tip credit" of at least $3.02 against VILLAN's minimum wages when Turnberry required VILLAN to share his "tips" with "non-tipped" employees.

14. A "tip credit" is unavailing because Turnberry failed to comply with the reduced minimum wage allowed for tipped employees. Therefore, VILLAN is entitled to be paid the full minimum wage for all hours he worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

15. In addition, Turnberry failed to compensate VILLAN at one and a half times his hourly rate for the hours that he worked in excess of 40 hours per week. VILLAN was employed by Turnberry between January 17, 2013, and August of 2015. VILLAN worked approximately 45 hours per week for Turnberry.

16. VILLAN seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

17. Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool and the full minimum wage.

18. Prior to the completion of discovery and to the best of VILLAN's knowledge, at the time of the filing of this complaint, VILLAN's good faith estimate of unpaid wages is as follows:

    a. **<u>Minimum Wages</u>**

        i. <u>From January 17, 2013 through December 31, 2012 (50 weeks)</u>
$7.79 - $4.77 x 45 x 50 = **$6,795**
        ii. <u>From January 1, 2014 through December 31, 2014 (52 weeks)</u>
$7.93 - $4.91 x 45 x 52 = **$7,066.80**
        iii. <u>From January 1, 2015 through August 20, 2015 (33 weeks)</u>
$8.05 - $5.03 x 45 x 33 = **$4,484.70**

**<u>Total Unpaid Wages (Minimum Wage)</u>**: $18,346.50

**<u>Liquidated Damages</u>**: $18,346.50

**<u>Total Minimum Wages</u>**: $36,693.00

    b. **<u>Overtime Wages</u>**

        i. <u>From January 17, 2013 through December 31, 2012 (50 weeks)</u>
$7.79 x .5 (overtime rate) x 5 overtime hours x 50 weeks = **$973.75**
        ii. <u>From January 1, 2014 through December 31, 2014 (52 weeks)</u>
$7.93 x .5 (overtime rate) x 5 overtime hours x 52 weeks = **$1,030.90**
        iii. <u>From January 1, 2015 through August 20, 2015 (33 weeks)</u>
$8.05 x .5 (overtime rate) x 5 overtime hours x 33 weeks = **$664.13**

**<u>Total Unpaid Wages (Overtime)</u>**: $2,668.78

**<u>Liquidated Damages</u>**: $2,668.78

**<u>Total Overtime Wages</u>**: $5,337.56

**<u>GRAND TOTAL: $42,030.56</u>**

19. At all times material hereto, Turnberry failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that VILLAN, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Turnberry to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Turnberry who are and who were subject to the unlawful payroll practices and procedures of Turnberry and were not properly paid one and one half of their regular rate of pay for all overtime hours worked in excess of 40 per week.

20. Turnberry knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing VILLAN, and those similarly situated, these overtime wages since the commencement of VILLAN's, and those similarly situated employees' employment with Turnberry as set forth above, and VILLAN, and those similarly situated, are entitled to recover double damages. Turnberry never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

21. Turnberry willfully and intentionally refused to pay VILLAN overtime and minimum wages as required by the law of the United States as set forth above and remains owing VILLAN these overtime wages since the commencement of VILLAN's employment with Turnberry as set forth above.

22. Turnberry willfully and intentionally failed to keep records of all hours worked by VILLAN and of all payments made to VILLAN pursuant to the Act and the Code of Federal Regulations.

23.     VILLAN has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, VILLAN, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for VILLAN, and others similarly situated, and against Turnberry on the basis of Turnberry's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award VILLAN actual damages in the amount shown to be due for minimum wages and unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award VILLAN an equal amount in double damages/liquidated damages; and

D.     Award VILLAN reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

VILLAN, and those similarly situated, demand trial by jury of all issues so triable as of right.

Respectfully submitted,

By:   /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Joshua H. Sheskin, Esquire
Fla. Bar No.: 93028
Email: jsheskin@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549