UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 15-cv-23354-JAL

| | |
|---|---|
| CARLOS VILLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TURNBERRY HOTEL GROUP OF MIAMI, | ) |
| INC. d/b/a Turnberry Associates d/b/a | ) |
| Turnberry Isle Miami, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, CARLOS VILLAN ("Plaintiff"), and Defendant, TURNBERRY HOTEL

GROUP OF MIAMI, INC. d/b/a Turnberry Associates d/b/a Turnberry Isle Miami ("Defendant")

(collectively, "the Parties"), jointly request that this Court make a fairness finding approving the

terms of the Parties' settlement of the above-captioned matter and dismissing this case with

prejudice. The Settlement Agreement between Plaintiff and Defendant calls for a payment from

the Defendant to the Plaintiff of the agreed amount, half to be paid in attorneys' fees and costs, the

other half to be split between compensatory and punitive damages. The agreement does not assign

fault, it calls for a neutral reference given to the plaintiff, and contains a mutual release and non-

disparagement clauses for both parties. Further details of the agreement were put on the record in

the courtroom, and the parties agreed not to put the settlement on the record.

**I.     Legal Principles**

1

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was

adversarial in nature. The Court itself assisted the parties in negotiating the terms of the settlement and entered its terms on the record. Hence, the settlement should be assumed fair to both parties.

The settlement agreement's terms are on the record and include every term and condition of the Parties' settlement. The Attorney's fees will be presented for court review at the telephonic hearing. The fees are fair and the court was aware of them at the time that the settlement was entered. Although the amount of the fees, since the settlement agreement, have increased, the settlement calls for them to be capped, and they shall be so capped.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed (extensively) the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, jurisdiction, enterprise coverage, and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, led by the Court, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery and motion practice to narrow the issues before any substantial litigation ensued. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II.   Terms of Settlement

This case involved a claim for unpaid minimum wages. The Plaintiff worked for Defendant which, at all times, employed the Plaintiff. The Parties had several in-depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issue of enterprise coverage, the Parties agree that they would incur great expense litigating these issues. Given the

3

amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that the settlement agreed upon in this matter as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

**III**.     **Conclusion**

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted,

| | |
|---|---|
| **s/ Joshua H. Sheskin** | **s/SCOTT R. SCHOMBER** |
| Joshua H. Sheskin | SCOTT R. SCHOMBER |
| (FBN: 0640166) | E-Mail: sschomber@mcconnaughhay.com |
| E-mail: jsheskin@saenzanderson.com | McCONNAUGHHAY, DUFFY, |
| SAENZ & ANDERSON, PLLC | COONROD, POPE & WEAVER, P.A. |
| 20900 NE 30th Avenue, Ste. 800 | 500 West Cypress Creek Road, Suite 300 |
| Aventura, Florida 33180 | Ft Lauderdale, Florida 33309 |
| Telephone: (305) 503-5131 | Telephone: (305) 933-5565 |
| Facsimile: (888) 270-5549 | Facsimile: (305) 933-5585 |
| *Counsel for Plaintiff* | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

4

I hereby certify that on December 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Joshua H. Sheskin**

## SERVICE LIST

**CARLOS VILLAN v. TURNBERRY HOTEL GROUP OF MIAMI, INC. d/b/a Turnberry Associates d/b/a Turnberry Isle Miami**
Case No. 15-cv-23354-JAL
**United States District Court, SOUTHERN District of Florida**

Joshua H. Sheskin
E-Mail: jsheskin@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

SCOTT R. SCHOMBER
E-Mail: sschomber@mcconnaughhay.com
McCONNAUGHHAY, DUFFY,
COONROD, POPE & WEAVER, P.A.
500 West Cypress Creek Road, Suite 300
Ft Lauderdale, Florida 33309
Telephone: (305) 933-5565
Facsimile: (305) 933-5585
*Attorney for Defendant*